ANTHONY LOFTUS *vs.* INHABITANTS OF NORTH ADAMS.

Berkshire.    October 20, 1893. — November 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Defective Highway — Drunkenness — Instructions.*

In an action against a town for personal injuries occasioned by a defective highway, there was evidence tending to show that the plaintiff was drunk at the time of the accident. At the close of the charge to the jury, the defendant asked for further instructions, first, that the alleged defect must have been the sole cause of the injury, and secondly, that "if the jury find that the plaintiff was more or less drunk, and that this state was a contributing cause to the injury, the plaintiff cannot recover." The judge gave the first in terms, and added, "If without drunkenness he would not have been injured, then he cannot recover." *Held,* that the defendant had no ground of exception.

HOLMES, J.   This was an action for personal injuries alleged to have been caused by a defective highway. There was evidence tending to show that the plaintiff was drunk at the time of the accident. At the end of the charge to the jury the defendant asked for further instructions: 1st, that the alleged defect must have been the sole cause of the injury; and 2d, that "if the jury find that the plaintiff was more or less drunk, and that this state was a contributing cause to the injury, the plaintiff cannot recover." The judge gave the first in terms, and added, "If without drunkenness he would not have been injured, then he cannot recover." The defendant's counsel was asked if he wished to take any exception, and answered only so far as the charge related to the question of drunkenness.

Plainly the judge's language was intended to be, and in our opinion for all practical purposes it was, equivalent to the instruction asked. The meaning of drunkenness being a contributing cause is that without drunkenness the injury would not have happened. If there is any refined difference in the shade of meaning, it is not such as would strike the lay mind, and evidently at the time did not strike any one's mind, as no attention was called to it. The judge having given all that was asked by way of addition to or correction of his charge, the defendant's general exception does not warrant going back to

what had been said before, and picking out phrases for minute criticism. Nothing else is open.

*Exceptions overruled.*

*M. E. Couch*, for the defendant.
*C. J. Parkhurst & P. J. Ashe*, for the plaintiff.